## Gries v. Gries.

*Herman Berg*, for libellant.

BIDDLE, P. J.—The divorce in this case was asked on the ground of desertion, and the evidence taken appears to sustain the averments of the libel. It appears, however, that service of the writ was made on the respondent "at the sheriff's office in Carlisle." No explanation of how the respondent came to be in the sheriff's office nor how the service was made appears, and without some explanation a service of this sort suggests the existence of collusion.

"A readiness on the part of a respondent, who does not propose to resist the application, to assist the libellant by waiving the requirements of the law is inconsistent with the idea of the proceeding being adverse. It may not be sufficient of itself to establish collusion between the parties. I do not say that it is; but it is strongly suggestive of it. It shows a disposition to encourage and aid the proceeding, which practically results in active collusion. Acquiescence there may be, and generally is; but when it is expressed by active assistance, it is accounted something more, and should and does, to a certain extent, condemn the proceeding:" Bittinger *v.* Bittinger, 4 Dist. R. 441, per Stewart, P. J.

It is entirely possible that a satisfactory explanation in regard to this service can be given, and, as we have pointed out, the evidence appears to sustain the averments of the libel. We will not, therefore, dismiss the libel, but will refer the case back to the master for the purpose of taking testimony to show the conditions under which the service was made where it was made.

From Francis B. Sellers, Carlisle, Pa.